# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No. 00-0286V
### Filed: May 21, 2013

```
* * * * * * * * * * * * * * * * * * * * * * * *
CARL GEPPERT and GINA GEPPERT,  *
as parents and natural guardians of,    *
CARL LEE GEPPERT, III           *
                Petitioners,    *        Attorney Fees and Costs
                                *
            v.                  *
                                *
SECRETARY OF HEALTH AND         *
HUMAN SERVICES,                 *
                Respondent.     *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## DECISION ON ATTORNEY FEES AND COSTS[1]

**Vowell,** Special Master:

In this case under the National Vaccine Injury Compensation Program,[2] I issued a decision on September 6, 2012, denying compensation and dismissing this case. Petitioners filed their motion for attorney fees and costs on April 8, 2013. On April 22, 2013, I extended respondent's response deadline by 30 days, to enable the parties to discuss petitioners' motion. The parties filed a joint status report on May 20, 2013, which indicates that petitioners have amended their application for fees and costs, and that respondent has no objection to the amount petitioners now request.

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1). Further, the proposed amount seems

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq.* (2006).

1

reasonable and appropriate. **Accordingly, I hereby award the total $30,540.00[3] as follows:**

- **a lump sum of $30,500.00 in the form of a check payable jointly to petitioners and petitioners' counsel of record for petitioners' attorney fees and costs, and**

- **a lump sum of $40.00 in the form of a check payable to petitioners for their personal litigation costs.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>**s/ Denise K. Vowell**</u>
**Denise K. Vowell**
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).